**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2654-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BERTIN RODRIGUEZ-REYES,
a/k/a BERTIN REYES, BERTIN
RODRIGUEZ, BRYAN
RODRIGUEZ, BERLIN
RODRIGUEZ, and BERTIN
RODRIGUEZREYES,

    Defendant-Appellant.

_____

Submitted January 27, 2021 - Decided May 17, 2021

Before Judges Ostrer and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-03-0227.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Special

Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bertin Rodriguez-Reyes appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, and there is nothing in the record to explain defendant's late filing of his petition, we affirm.[1]

---

[1] The State asserts defendant's October 20, 2017 petition is time-barred because he filed it more than five years beyond his October 16, 2012 judgment of conviction. See R. 3:22-12(a)(1). Although the State raised this issue in the trial court, and the judge noted it in his written opinion, he did not address the claim.

> [W]hen a first PCR petition shows it was filed more than five years after the date of entry of the judgment of conviction, . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12.
>
> [State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).]

Defendant conceded the petition was filed out-of-time, asserting only "that it was verified and mailed" within the five-year time limit. He has not briefed the issue on appeal. He offered nothing to show his delay in filing a timely petition

A-2654-18

Defendant entered a negotiated guilty plea to an amended charge of second-degree aggravated manslaughter for the stabbing death of his twenty-one-year-old girlfriend and was sentenced to nineteen years in prison subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. At the plea hearing, defendant admitted stabbing the victim twenty-seven times in the neck and chest, recklessly causing her death under circumstances manifesting extreme indifference to human life. He specifically admitted he was aware, given how many times he stabbed her and where, that it was probable she would die. But he also stated the two were "fighting" and that he "took the knife from her."

After defendant told the court his girlfriend, whom he claimed was of the same height and build as he was, kept "attacking" him after he "took the knife away from her," resulting in his having "lost control," defendant's counsel asked to speak with him privately. After a short off-the-record conference, defendant swore under oath he was the one who picked up the knife, not the victim, that he attacked her, and she inflicted the only injury he received — a bite mark on his hand — trying unsuccessfully to defend herself. Defendant also made clear

---

was due to excusable neglect and "that there is a reasonable probability that if [his] factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A).

his girlfriend never had the knife, and he was "not acting in self-defense in any way."

Defendant did not file a direct appeal. He filed an untimely PCR petition claiming he received ineffective assistance from his plea counsel, whom he asserted failed to investigate whether defendant had a valid claim of self-defense or passion provocation manslaughter, or whether he could have successfully asserted a diminished capacity/temporary insanity defense. Defendant also claimed counsel failed to explore a defense based on spousal abuse syndrome and did not advise him of the NERA consequences of his plea. He claimed his lawyer refused to allow him to explain the victim had a knife and first tried to attack him, and he had "blacked out during the incident"; that she had cut him before; that the victim's sister knew about at least one such incident; and that he had to go to the hospital several times for injuries as a result of his girlfriend's acts of domestic violence.

After hearing argument by assigned counsel, the trial judge issued a written opinion denying the petition based on defendant's failure to establish a prima facie claim for relief as to any claim. See State v. Preciose, 129 N.J. 451, 462-64 (1992). The judge found that even assuming defendant could demonstrate "counsel's representation fell below an objective standard of

reasonableness" under the first prong of the Strickland[2] test, he could not establish the second prong's requirement of prejudice. See State v. Gaitan, 209 N.J. 339, 351 (2012) (reiterating a defendant shows prejudice in the context of a guilty plea by demonstrating a reasonable probability he would not have pleaded guilty but for counsel's errors and would have instead insisted on going to trial).

Specifically, the judge noted defendant's admission that he was the one who picked up the knife and attacked the victim. The judge found those facts, coupled with the extent of the victim's injuries, that she was unarmed and defendant uninjured made it "unfathomable" he could establish that he reasonably believed he needed to stab his girlfriend twenty-seven times in order to protect himself. See State v. Rodriguez, 195 N.J. 165, 172 (2008) (holding a person must have a reasonable and sincere belief in his need to kill in self-defense before resorting to deadly force).

The judge found defendant offered nothing at all to support his assertion he was provoked by the victim, and no proof to support his claims of domestic violence — no hospital record or expert report or any certification from the victim's sister supporting his claim that she was aware he was the victim of

---

[2] Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

A-2654-18

abuse.  See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (noting a petitioner must do more than make bald assertions in order to establish a prima facie claim of ineffective assistance of counsel).  The judge further found defendant's claims of having "lost control" and "blacked out" when stabbing the victim were similarly unsupported by any evidence of any mental disease or defect.  The judge specifically noted "[t]he fact that [defendant] stabbed the victim twenty-seven times and did not have a prior criminal history is not enough to show [defendant] suffered from a mental disease or was incapacitated."

Finally, the judge rejected defendant's claim that plea counsel failed to inform him the State would seek a NERA sentence.  He found the record made clear defendant was well-informed the State's offer was premised on a requirement he serve eighty-five percent of his sentence before becoming eligible for parole.  Besides acknowledging in the plea form that he was entering a guilty plea to charges requiring a mandatory period of parole ineligibility, defendant completed a supplemental plea form advising specifically of the same.  The judge taking his plea also took pains to explain to defendant he would not be eligible for parole until he had served sixteen years, one month and twenty-

6

four days of his nineteen-year sentence, which defendant assured the judge he understood.

Defendant reprises those same arguments on appeal, and adds the judge erred in denying his petition without affording him an evidentiary hearing. Having reviewed the record, we reject his arguments as without sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and affirm the denial of defendant's petition substantially for the reasons set forth in the judge's October 22, 2018 cogent and well-reasoned written opinion and defendant's failure to submit any competent evidence to satisfy the standards for relaxing the time restrictions for a first petition pursuant to Rule 3:22-12(a)(1)(A).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-2654-18